GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Robert Valdez, Jr.,<br><br>Defendant. | CR-24-0559-TUC-RCC-MSA<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.     The matter is set for sentencing and final disposition on March 8, 2023.

2.     On November 28, 2022, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) interviewed the defendant as part of gun trafficking investigation. Agents had information that between September 21, 2022, and November 5, 2022, the defendant purchased a total of 14 firearms. During this period, the defendant did not have a license to engage in the business of dealing firearms, as required by federal law. The defendant sold all 14 firearms after purchasing them between the first purchase and his ATF interview, which occurred on November 28, 2022. In this interview, the defendant stated that he intentionally sold firearms on Armslist.com and confirmed to the agents that he did not have a license to sell firearms, The defendant claimed he did not know it was illegal to sell firearms without a license and stated he sold the firearms because he had no money. The defendant confirmed that he no longer had any of the firearms in his possession.

3.    On December 19, 2023, a Tucson federal grand jury indicted the defendant on one count of dealing firearms without a license. On July 11, 2024, the defendant pled guilty to the Indictment pursuant to a written plea agreement.

4.    The government has reviewed the probation department's presentence investigation report (PSR). The government agrees with the probation department that the defendant's guideline sentencing range is 12-18 months, based on a total offense level 13 and criminal history category I. However, the PSR inaccurately states in paragraph 5 and on page 14 that the plea agreement's sentencing range is 12-18 months. The sentencing range under the plea agreement is a period of time served to 12 months of incarceration. The probation department recommends eight months of incarceration.

5.    18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

6.    Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and follow the probation department's recommendation to sentence the defendant to eight months of incarceration. The government will further explain its position at the sentencing hearing, currently set for October 15, 2024.

/ / /

Respectfully submitted this 7th day of October, 2024.

GARY M. RESTAINO
United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 7th day of October, 2024, to:

Katherine L. Filous, Esq.
Counsel for defendant

3